Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3095 | **DATE** | 3/29/2004 |
| **CASE TITLE** | Blair, et al. vs. Bank One | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order affirming the bankruptcy court's ruling dismissing the intervenors' petition for declaratory judgment and striking those portions of Comdisco's objection that challenged the legality of Bank One's claim. The court also affirms the bankruptcy court's grant of attorney's fees and breakage fees. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 30 2004 | |
| | Notified counsel by telephone. | | date docketed | 27 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/29/2004 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ6 mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN BLAIR, et al.,
)
Appellants,
)
v.
) No. 03 C 3095
) On Appeal from the
BANK ONE, N.A.,
) U.S. Bankruptcy Court
) No. 01 B 24795
Appellee.
)

COMDISCO, et al.,
)
Appellants,
)
v.
) Consolidated with:
) No. 03 C 6948 and
BANK ONE, N.A.,
) No. 03 C 8914
)
Appellee.
)

MAR 3 0 2004

## MEMORANDUM OPINION AND ORDER

In July 1997, representatives of First National Bank of Chicago, predecessor in interest to appellee Bank One, N.A. ("Bank One"), approached appellant Comdisco Holding Company, Inc. ("Comdisco") with a proposal for a shared incentive investment plan ("SIP").[1] Under the SIP, Bank One would provide loans to select Comdisco employees for purchase of Comdisco shares. Bank One

---

[1] As this appeal results from the grant of a motion pursuant to Rules 12(b)(6) and 12(f) and a motion for judgment on the pleadings by Bank One, the facts are taken from Comdisco's amended specific objection to Bank One's claim. For both motions, I must assume all material facts presented by the non-moving party are true. *Thompson v. Ill. Dep't of Prof. Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

stated that it had used similar SIPs with other companies, and that the SIP would comply with the applicable federal securities laws. Comdisco relied on the representations by Bank One, and agreed to implement the SIP. Comdisco entered into an agreement guaranteeing the loan and indemnifying Bank One for any loss. On February 2, 1998, select Comdisco senior employees were offered a one-day stock option, with the condition that they finance 100 percent of their purchase with a loan from Bank One. Over 100 Comdisco employees participated in the SIP, purchasing more than 6.3 million shares at a price of $17.25 per share.

On July 26, 2001, Comdisco filed for a Chapter 11 bankruptcy. Bank One subsequently filed a Master Proof of Claim for the outstanding loans to the SIP participants, claiming the principal sum of $109,020,000.00 as well as a claim on behalf of Dresdner Bank AG in the amount of $3,454,920.19 plus interest and expenses.

On January 23, 2003, Comdisco filed an amended specific objection to Bank One's claim. On February 14, 2003, certain SIP participants ("intervenors") moved to intervene and for a declaratory judgment in their favor against Bank One.[2] The motion

---

[2]The certain SIP participants include John Blair, Bryant Collins, David Coons, Chuck Dale, Steve Davis, Charles DeMory, Ward Doonan, James Duncan, Paul Edstrom, Harold Finkel, Victor Fricas, Thomas Gazdziak, Rosemary Geisler, Greg Gifford, Allan Graham, Steve Grundon, Bruce Grybas, Jay Haller, Scott Harvey, Michael Herman, Joseph Hold, Jim Hyland, Roger Innes, Jim Jenks, David Keenan, John Kenning, Jeff Keohane, Jeff Knaus, Heide Levin, Stephen McFarland, Michael McFarland, Andrew Mitzen, Charles Neff, Keith Olenek, Edward Pacewicz, Lyssa Kaye Paul, Michael Poisella,

to intervene was granted. Bank One filed a motion to dismiss the intervenors' petition for declaratory judgment and to strike the portion of Comdisco's amended specific objection seeking to void Bank One's claim on the basis of alleged margin violations, pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f).[3] On April 28, 2003, Bankruptcy Judge Bruce Black granted Bank One's motions, stating that neither Comdisco nor the intervenors had standing to challenge the legality of the loans underlying Bank One's claim. On June 4, 2003, Bank One moved for a judgment on the pleadings concerning its request for the recovery of breakage charges and attorney's fees. Judge Black granted that motion on August 20, 2003. On January 9, 2004, Comdisco and the intervenors filed this appeal of both decisions.

I.

On appeal, the legal decisions of a bankruptcy court are reviewed *de novo*. *In re: Morris*, 223 F.3d 548, 553 (7th Cir. 2000). Comdisco and the intervenors appeal the motions to dismiss and strike, arguing that they have standing to challenge the legality of the loans underlying Bank One's claim. The appellants claim that the loans violated the federal securities laws, specifically

---

Thomas Predergast, Dean Prokos, Mike Ross, Paul Sanfilippo, Jeff Schwiering, Joseph Scozzafava, Robert Sibik, Mark Stachulski, Charles Stevens, Tom Vallone, Greg Weiss, Brad Wheatley, Jeff Wolinski, and Ira Wollwich.

[3]The Rules apply to a bankruptcy proceeding through Bankruptcy Rule 7012.

3

12 C.F.R. §221 et seq. ("Regulation U"), promulgated under Section 7(d) of the Securities Exchange Act of 1934, 15 U.S.C. § 78g(d). The appellants argue that § 7(d) and § 29(b) of the Act, in conjunction, do provide a defense to a claim in bankruptcy. 15 U.S.C. § 78g(d); 15 U.S.C. § 78cc(b). Bank One argued, and the bankruptcy court agreed, that Regulation U does not contain a private cause of action for enforcement and therefore appellants had no standing.

The Seventh Circuit held in *Bassler v. Central Nat'l Bank*, 715 F.2d 308 (7th Cir. 1983), that no private cause of action existed under § 7(d) or § 29(b) of the Securities Exchange Act of 1934, either alone or in context of the entire Act. The appellants do not make a convincing argument that the present case can be distinguished from *Bassler*. The appellants argue that as they wished to assert an affirmative defense, not a separate cause of action, *Bassler* does not control. The argument appears to be one of semantics. The appellants want a judgment in their favor, stating that Bank One cannot pursue its claims against them. While Comdisco has filed an objection to Bank One's claim, the intervenors moved for declaratory judgment, rather than asserting any such defense.

The facts in *Bassler* demonstrate that no matter what the label, this cause of action does not exist under § 7(d) and § 29(b). Plaintiff Bassler had entered into a series of loans with

4

the defendant Central National Bank in order to purchase stock. *Bassler*, 715 F.2d at 308-09. The loans violated federal securities laws, as the defendant had failed to obtain a required statement from Bassler. *Id.* at 309; 12 C.F.R. § 221. After Bassler discovered that the defendant had defrauded him with respect to the value of the purchased stock, he sought to have his loans declared void because of the violation of § 7(d). *Id.* The Seventh Circuit held Bassler could not obtain such a declaration, because neither § 7(d), § 29(b), nor any other provisions of the Act provided him with a cause of action against the lender. *Id.* at 313. As such a declaration is precisely what is sought by appellants, *Bassler* controls.

The majority of the cases cited by the appellants in favor of a private right of action either were decided before *Bassler* or involve the interpretation of other laws. The appellants rely especially on *Transamerica Mortgage Advisors, Inc. (TAMA) v. Lewis*, 444 U.S. 11 (1979), for the proposition that they can raise Bank One's violations of § 7(d) as a defense. However, the court in *Bassler* specifically dealt with *TAMA*, stating that the ruling in *TAMA* did not require an implied right of action arising from § 7(d). *Bassler*, 715 F.2d at 311-12.

The intervenors attempt to limit the reach of *Bassler* by noting that the violation in that case was not a substantive one, but only the technical violation of neglecting to obtain a required

5

statement. The alleged violation in this case is more substantive: Bank One's 100 percent financing of the stock purchases, combined with a security interest in the stock, would be in direct violation of Regulation U. The Seventh Circuit did not limit its holding to technical violations, however, instead stating that no right of action existed for "investment borrowers as against investment lenders." *Id.* at 313.

The intervenors also argue that after *Bassler* was decided in 1983, Congress enacted amendments to § 7 that exempted "innocent" investors, negating the rationale behind *Bassler*. To determine when implying a cause of action is appropriate, courts must consider whether Congress explicitly or implicitly expressed an intention to create a private right of action. *Bassler*, 715 F.2d at 310 (citing *Cort v. Ash*, 422 U.S. 66 (1975)). Congress did not intend to protect investors with § 7. As the intervenors admit, the main purpose of § 7 "was to control the excessive use of credit in security transactions." *Bennett v. United States Trust Co. of New York*, 770 F.2d 308 (2nd Cir. 1985) (holding no private cause of action exists in § 7); *Bassler*, 715 F.2d at 313. The intervenors direct me to no law or legislative history suggesting that protection of investors was anything but an incidental benefit, or that a private cause of action should be implied for them from § 7.

Finally, Comdisco argues that the refusal to imply a private cause of action for § 7 violates the constitutional separation of powers. Congress violates the separation of powers only when it enacts a law stating how the judiciary must decide an issue of fact (under threat of loss of jurisdiction) or binding the judiciary to "decide a case in accordance with a rule of law independently unconstitutional on other grounds." *In re Consol. U.S. Atmospheric Testing Litigation*, 820 F.2d 982, 992 (9th Cir. 1987) (citing *United States v. Klein*, 80 U.S. (13 Wall) 128 (1872)). Congress' decision not to allow a private cause of action, but rather to limit enforcement of § 7 to the Securities and Exchange Commission, neither instructs the court on how to decide an issue of fact nor binds it to an unconstitutional law. I AFFIRM the bankruptcy court's ruling dismissing the intervenors' petition for declaratory judgment and striking those portions of Comdisco's objection that challenged the legality of Bank One's claim.

II.

Comdisco also appeals the ruling granting Bank One attorney's fees and breakage costs. When Comdisco entered into the agreement with Bank One, it signed a broad indemnification agreement. The agreement stated that Comdisco would indemnify Bank One for "all losses, claims, damages, costs, expenses...[including attorney's fees] ... or liabilities of every kind whatsoever." Comdisco now argues that because Bank One was an unsecured creditor, 11 U.S.C.

7

§ 506(b) prevents the recovery of attorney's fees. Section 506(b) controls not whether recovery of attorney's fees should be allowed, but whether such recovery should be considered a secured or unsecured claim. Section 502 instead controls the initial question of whether the fees are allowable. Under that section, attorney's fees provided for in a pre-petition contract, such as Comdisco's indemnification clause, are recoverable so long as they are not prohibited by one of the enumerated exceptions. 11 U.S.C. § 502(b). The Seventh Circuit has not yet considered this issue, but every federal circuit court of appeals that has done so has held that such fees do not fall into any of the exception categories. *Id.; see, e.g., In re: Welzel*, 275 F.3d 1308, 1318 (11th Cir. 2001); *Woburn Assocs. v. Kahn*, 954 F.2d 1, 9 (1st Cir. 1992). I AFFIRM the bankruptcy court's grant of attorney's fees.

Comdisco contests the award of breakage fees to Bank One, arguing that such fees constitute disguised post-petition interest charges which are not allowable under § 502(b). First, although the triggering event for the fees occurred post-petition, the obligation on Comdisco's part was incurred pre-petition. Comdisco's broad indemnification agreement was executed pre-petition, and the obligations under such an agreement arise at the time of execution. *See, e.g., In re: Manville Forest Products Corp.*, 209 F.3d 125, 129 (2nd Cir. 2000).

Second, the breakage fees are not interest, nor a prepayment penalty as argued by Comdisco.[4] While the Seventh Circuit has not considered this issue, the Eleventh Circuit recently made a detailed exploration of congressional intent as it related to interest rate swaps. *Thrifty Oil Co. v. Bank of America Nat'l Trust and Savings Assoc.*, 322 F.3d 1039 (11th Cir. 2003). The Eleventh Circuit found, and I concur, that allowing recovery of termination or breakage fees from interest rate swaps aligns with the congressional purpose of encouraging such swaps. *Id.* at 1053. Furthermore, such fees fall within the broad indemnity clause signed by Comdisco. I AFFIRM the bankruptcy court's award of breakage fees.

ENTER ORDER:

*Elaine L Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: March 29, 2004

---

[4]To support a loan such as the one made to Comdisco, lenders make complex arrangements known as hedging or interest rate "swaps" to ensure a fixed rate of return. When the loan is defaulted, lenders incur loss as they are forced to terminate these arrangements prematurely. *See Thrifty Oil Co. v. Bank of America Nat'l Trust and Savings Assoc.*, 322 F.3d 1039 (11th Cir. 2003), for a detailed explanation of interest rate swaps.

9